IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ECOFLO, INC.                              *
                                          *
       v.                                 *   Case No.: 1:09-cv-1261
                                          *
TRI-STATE GOVERNMENT SERVICES,            *
INC.                                      *
                                          *
                                          *
                                          *
                                       *****

MEMORANDUM

Ecoflo, Inc. ("Ecoflo") filed a complaint in the Circuit Court of Baltimore County, Maryland against Tri-State Government Services, Inc. ("Tri-State") alleging breach of contract and negligence arising out of the release of hazardous waste on April 13, 2006 on Interstate 83 in Baltimore Maryland. On May 15, 2009, Tri-State removed the case to the United States District Court for the District of Maryland. In a separate matter, Carolyn DePhillips, Richard Pelzer, and Richard Dephillips, Jr. ("Plaintiffs") have filed a complaint in this court against the United States of America ("United States"), Tri-State Government Services Inc. ("Tri-State"), ECOFLO Inc., ("ECOFLO"), and James R. Fulk, Jr. ("Fulk") for injuries resulting from the same release of hazardous waste on April 13, 2006. Tri-State has filed a motion to consolidate the two cases. Ecoflo has filed a motion requesting a stay in the proceedings it initiated, pending arbitration. For the following reasons, I will grant Tri-State's Motion to Consolidate and deny Ecoflo's Motion to Stay.

Consolidation of these cases will further the interests of judicial economy and will not prejudice any party. Under Fed. R. C. Pro. 42(a) "if actions before the court involve a common question of law or fact, the court may join for hearing or trial any or all matters at issue in the

1

actions; consolidate the actions; or issue any other orders to avoid unnecessary delay." Factually, the cases concern the leak of hazardous waste on April 13, 2006 on Interstate 83. Legally, the cases turn on the negligence of Ecoflo and Tri-State. Furthermore, because both cases are in the early stages of litigation, consolidation will not prejudice any party. Indeed, Ecoflo has not opposed Tri-State's Motion.

Ecoflo's Motion to Stay pending arbitration is denied because there is no agreement between the parties requiring arbitration. Whether a party agreed to arbitrate a particular dispute is a question of contract formation and interpretation. *See Johnson et al. v. Circuit City Stores, Inc.*, 148 F.3d 373, 377 (4th Cir. 1998) (citing *AT&T Technologies, Inc. v. Communications Workers of Am.,* 475 U.S. 643, 648-49 (1986). Neither Tri-State, nor its insurer Steadfast, entered into any agreement to arbitrate this type of dispute with Ecoflo. (Tri-State's Mem. in Opp. to Ecoflo's Mot. to Stay at 5, Ex. 6, 7.)

For the foregoing reasons, Tri-State's Motion to Consolidate is granted and Ecoflo's Motion to Stay is denied.

DATE:  11/24/2009             __/s/_____
                              J. Frederick Motz
                              United States District Judge